UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN CARLOS CALDERON,

Plaintiff,

v.

STATE GOVERNMENTAL PRISON
EMPLOYEES, et al.,

Defendants.

Case No.   26-cv-00683-JSC

**ORDER OF TRANSFER**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983.  Plaintiff is located at the R.J. Donovon Correctional Facility ("Donovon") in San Diego, California.  He complains about the conditions of his confinement there, including that Donovon officials are "trying to kill" him by putting "chemicals" in his food, water, mattress and air (ECF No. 1 at 2); denying him medical care and personal safety (*id.* at 3); and discriminating against him and retaliating against him for his prior lawsuits (*id.* at 5).  Defendants are Donovon prison officials.

When, as here, jurisdiction is not founded on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice."  28 U.S.C. § 1406(a).

Donovon is located in San Diego County, which is within the venue of the United Sates

District Court for the Southern District of California.  For the same reasons explained in Plaintiff's recent case, *Calderon v. California Prison Health Care System*, No. C 25-10789 JSC (PR) (N.D. Cal.) (ECF No. 4), the Northern District of California is not the proper venue for claims against Donovon officials arising from events or omissions that occurred at Donovon; the proper venue for such claims is the Southern District of California.  *See* 28 U.S.C. § 1391(b).  Accordingly, pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the United States District Court for the Southern District of California.

The Clerk of the Court shall transfer this matter forthwith.  In light of this transfer, the Court defers to the Southern District for ruling on Plaintiff's motions for leave to proceed in forma pauperis.

The Clerk shall terminate docket numbers 2 and 3 from this Court's docket.

**IT IS SO ORDERED.**

Dated: February 27, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

2