UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Juan CALDERON,
Plaintiff,
vs.
STATE GOVERNMENTAL PRISON EMPLOYEES, et al.,
Defendants.

Case No.: 26-cv-1313-AGS-MMP

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 3) AND DISMISSING THE COMPLAINT**

Inmate Juan Calderon moves to proceed without prepaying the court's filing fees. Typically, parties instituting a civil action in a United States district court must prepay $405 in fees, including a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). But if granted the right to proceed *in forma pauperis* ("IFP"), a plaintiff can proceed without prepaying those fees. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

Regardless of whether Calderon meets the usual IFP requirements, though, he "faces an additional hurdle" "nicknamed the 'three-strikes rule.'" *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011); *see also* 28 U.S.C. § 1915(g). This rule prohibits a "prisoner" from gaining IFP status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* Once someone has three strikes, the Court may only grant IFP status if "the prisoner is under imminent danger of serious physical injury." *Id.*

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP for having three strikes, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one

of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). So it is here. Courts in this district have previously found that Calderon, "while incarcerated, has had at least three prior civil actions dismissed on the grounds they failed to state a claim upon which relief may be granted." *Calderon v. Mencias*, No. 25cv3394-BTM (SBC), 2026 WL 473255, at *2 (S.D. Cal. Feb. 19, 2026) (listing three prior strikes); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (holding that "a court may take judicial notice of its own records in other cases, as well as the records of [different courts] in other cases"); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The Court thus finds that Calderon has at least three strikes against him.

As to the "imminent danger of serious physical injury" exception, that requires alleging a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up). Calderon's allegations do not rise to that level. He asserts, for example, that defendants have "implanted" a "chip" and "memory processor" in him and in his family that has "altering or manipulating neurotransmitters." (*See* ECF 1, at 2.) These "implausible" allegations do not sufficiently allege an "imminent danger." *See Cervantes*, 493 F.3d at 1057 n.11.

Calderon's IFP request is thus **DENIED**, and this action is **DISMISSED without prejudice** for failure to prepay the filing fees. The Clerk must close this case. The Court also "certifies in writing" that an in forma pauperis appeal of this Order would be frivolous and "not taken in good faith." *See* 28 U.S.C. § 1915(a)(3).

Dated: September 2, 2026

Hon. Andrew G. Schopler
United States District Judge